IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLIFTON TEEL PETITIONER

v. Case No. 6:24-cv-06123

DEXTER PAYNE RESPONDENT

**ORDER**

Before the Court is Report and Recommendation ("R&R") issued by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 14. Upon preservice screening of Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 5) pursuant to 28 U.S.C. § 1915A(a), Judge Ford recommended that Plaintiff's Petition be dismissed without prejudice. Judge Ford concluded that Plaintiff's speedy trial claim is not cognizable, was waived by his guilty plea, is inexcusably procedurally defaulted as Plaintiff failed to exhaust state court remedies, and that Plaintiff has failed to comply with the Court's Local Rules.

Plaintiff's sole ground for relief is his claim that he "wasn't given the right to a fast and speedy trial on this case." ECF No. 5, at 5. Judge Ford explained that because this claim is based on Arkansas state law, it is not cognizable in this federal habeas corpus proceeding. See 28 U.S.C. § 2254(a); see also Estelle v. McGuire, 502 U.S. 62, 67 (1991) (emphasizing that habeas corpus relief does not extend to errors of state law). Next, Judge Ford found that Plaintiff's voluntary guilty plea waived any prior non-jurisdictional defect, including those involving the right to a speedy trial. See Cox v. Lockhart, 970 F.2d 448, 452 (8th Cir. 1992).

Judge Ford also reasoned that Plaintiff's Petition is inexcusably procedurally defaulted for failure to exhaust state court remedies and precluded from consideration. Before seeking federal

habeas review, a state prisoner must exhaust available state remedies, giving the state the opportunity to correct alleged violations of a prisoner's federal rights, which means he must "fairly present his claim in each appropriate state court" to alert that court to the claim's federal nature. Baldwin v. Reese, 541 U.S. 27, 29 (2004); 28 U.S.C. §§ 2254(b) and (c) (requiring that state prisoner seeking federal habeas relief to exhaust all remedies available in the state courts). Plaintiff never took a direct appeal nor pursued any post-conviction proceedings in state court. Plaintiff's unconditional guilty plea waived his right to appeal,[1] and the time to seek the appropriate post-conviction relief has expired. See Ark. R. Crim. P. 37.2(c)(i).

Additionally, Judge Ford stated that Plaintiff's failure to notify the Clerk and the other parties to the proceedings of a change of address constitutes a violation of Local Rule 5.5(c)(2) and warrants dismissal.

Plaintiff has not responded to the R&R, and the time to do so has passed. See 28 U.S.C. § 636(b)(1). However, Respondent has filed an objection (ECF No. 15), accepting Judge Ford's reasoning, but requesting that the Court dismiss the Petition (ECF No. 5) with prejudice because the R&R rules on the merits of the claim. The conclusive findings of the R&R, stating that the state law claim is not cognizable in these proceedings, in addition to being waived by Plaintiff's guilty plea, and that the claim is inexcusably procedurally defaulted all address the merits of the claim. Additionally, no state remedies remain. See Caldwell v. Camp, 594 F.2d 705, 708 (8th Cir. 1979) (instructing that a "dismissal with prejudice ordinarily operates as an adjudication on

[1] While Plaintiff's guilty plea waived his right to appeal, Arkansas Rule of Appellate Procedure-Criminal 1(a) and Arkansas Rule of Criminal Procedure 24.3(b)(ii) nonetheless permitted Plaintiff to have filed a pretrial motion and entered a conditional plea reserving the right to appeal the denial of such a motion to dismiss his charges based on a violation of Arkansas's speedy-trial rule.

the merits"). Therefore, the Court finds that the reasoning presented in the R&R rules on the merits of Plaintiff's claim and dismissal with prejudice is appropriate.

Upon review, finding no clear error on the face of the record and that Judge Ford's reasoning is sound, the Court adopts the R&R (ECF No. 14) in part in its reasoning and recommendation of dismissal, but directs the Clerk to dismiss the Petition with prejudice. Accordingly, Plaintiff's Petition (ECF No. 5) is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 21st day of September, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge